UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| IN RE: | * | |
| SUNSHINE ENERGY TN I, LLC, | * | CASE NO. 2:10-BK-51484 |
| | * | Chapter 11 |
| Debtor | * | |

---

| | | |
|---|---|---|
| IN RE: | * | |
| SUNSHINE ENERGY TN II, LLC, | * | CASE NO. 2:10-bk-51485 |
| | * | Chapter 11 |
| Debtor | * | |

---

| | | |
|---|---|---|
| IN RE: | * | |
| SUNSHINE ENERGY VA I, LLC, | * | CASE NO. 2:10-bk-51486 |
| | * | Chapter 11 |
| Debtor | * | |

# MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364

Sunshine Energy TN I, LLC ("Sunshine TN I"); Sunshine Energy TN II, LLC ("Sunshine TN II"); and Sunshine Energy VA I, LLC ("Sunshine VA") (Sunshine TN 1, Sunshine TN II and Sunshine VA collectively the "Debtors") seek entry of an interim and a final order pursuant to U.S.C. § 364(c), (d), and Fed. R. Bankr. P. 4001(c): (i) authorizing the Debtors to obtain a term loan facility (the "DIP Facility") in the amount of $750,000.00 from Aviation Plaza Partners, LP, a California limited partnership ("Aviation Plaza") pursuant to the terms and conditions set forth herein; (ii) granting security interests, liens and super-priority claims (including a super-priority administrative claim pursuant to Section 364(c)(1) of the Bankruptcy Code, and priming liens to Sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code to Aviation Plaza to secure all

obligations of the Debtors with respect to the DIP Facility; (iii) modifying the automatic stay imposed under Section 362 of the Bankruptcy Code to the extent necessary to permit the Debtors to implement the terms of the order signed in connection with this motion; (iv) requesting, pursuant to Fed. R. Bankr. P. 4001, an emergency interim hearing on this motion be held for the Court to consider entry of an interim order which authorizes the Debtors to borrow, on an interim basis, up to an aggregate principal amount not to exceed $750,000.00; (v) request the Court schedule a final hearing on this motion to consider entry of a final order (which would, among other things, approve the DIP Facility on a final basis); and (vi) such other relief to which the Debtors may be entitled.

**IN SUPPORT OF THIS MOTION**, the Debtors state as follows:

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The Debtors filed voluntary Chapter 11 petitions on June 10, 2010 (the "Petition Date"). The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No request for the appointment of a trustee or an examiner has been made.

3. The Debtors operate convenience stores in Northeast Tennessee and Southwest Virginia. Sunshine TN I leases eleven (11) stores from Management Properties, Inc. ("MPI"); MacLean, Inc. ("MacLean"); and Sara G. MacLean, the Linda R. MacLean Irrevocable Trust, John Cummins, Michael Cummins, Anthony Cummins, and Kevin Cummins ("Cummins"). (MPI, MacLean and Cummins sometimes collectively hereinafter the "Landlords"). Each of these

2

stores are located in Northeast Tennessee. Prior to Sunshine TN I's bankruptcy filing, the Landlords filed eleven (11) unlawful detainer actions in Washington County and Sullivan County, Tennessee. Following the entry of defaults for possession, the Landlords seized possession and closed five (5) stores while seven (7) of the eleven (11) stores remain open and operating.

4. Sunshine TN II leases seven (7) convenience store locations from MPI located in Northeast Tennessee. MPI filed similar unlawful detainer actions in Tennessee counties of Washington, Sullivan, Carter, Unicoi, and Hawkins, and obtained defaults for possession. MPI, thereafter, seized possession and closed three (3) stores and four (4) of the seven (7) stores remain open and operating.

5. Sunshine VA leases eleven (11) stores from MPI and MacLean located in Southwest Virginia. MPI and MacLean filed unlawful detainer actions in the Virginia counties of Dickenson, Lee, Washington, Wise and Wythe (the "Virginia Actions"). (The leases for the twenty-nine (29) locations leased by the Debtors from the Landlords sometimes collectively hereinafter the "Leases"). MPI obtained defaults in five (5) of the Virginia Actions. MPI seized possession and closed three (3) of the five (5) stores. The remaining two (2) stores are open and operating. The other Virginia Actions are pending and those stores also remain open and operating.

6. On June 12, 2010, Sunshine TN I and Sunshine TN II removed the Tennessee state court actions to this Court. The Virginia Actions remain pending and are stayed by Sunshine VA's bankruptcy filing.

7.  On June 13, 2010, Sunshine TN I and Sunshine TN II filed motions to vacate defaults, reinstate leases and grant possession of property (the "Motion") seeking an order from the Court to set aside or vacate the Tennessee state court actions, reinstate the leases between Sunshine TN I and MPI, MacLean and Cummins, and Sunshine TN II and MPI on which defaults were entered and order that Sunshine TN I and Sunshine TN II be awarded possession of the store locations closed and seized by MPI, MacLean and Cummins.

8.  Currently, the Debtors owe rent under the Leases for the months of May and June totaling approximately $258,000.00. The Debtors also owe real estate taxes under the Leases for 2009 totaling approximately $148,000.00. Aviation Plaza has agreed to make the DIP Facility available to the Debtors to immediately fund: (a) the May and June rents under the Leases; (b) the July rents under the Leases; (c) the 2009 real estate taxes due under the Leases; (d) certain designated repairs to the leases premises; and (e) any non-ordinary costs associated with opening the closed convenience stores.

9.  The availability of the DIP Facility for the above purpose is conditioned upon the Court granting the relief requested in the Motion. The Debtor has no other source of cash to meet its past due and current obligations under the Leases.

10. The Debtors have been unable to obtain the required debtor-in-possession financing either as unsecured credit under § 364(a) or (b) of the Bankruptcy Code, allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code, or as secured credit under Section 364(c) of the Bankruptcy Code, on more favorable terms from other sources.

11. The amounts advanced under the DIP Facility will bear interest at a rate of three and one half percent (3.5%) per annum and be due and payable in full six (6) months from the date of the Court's final order approving and authorizing the DIP Facility. As stated, the proceeds of the DIP Facility will be used by the Debtors to fund its lease obligations as described above.

12. The DIP Facility will be secured by a first priority security interest in all the assets of the Debtor and to the extent such assets are subject to a valid unavoidable security interest in favor of Landlords under the terms of the Leases, then such security interest shall be subordinate thereto to the extent of any obligations thereunder.

13. The obligations of the Debtors under the DIP Facility at all times shall constitute allowed super-priority administrative expense claims in the bankruptcy cases under Section 364(c)(1) of the <u>Bankruptcy Code</u> having priority over all administrative expenses of the kind specified in, or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b), 726 or other provisions of the <u>Bankruptcy Code</u> with the exception of: (a) fees due the United States Trustee pursuant to 28 <u>U.S.C.</u> § 1930(a), (b); and (b) professional fees incurred by the Debtors.

14. The Debtors seek interim approval of this motion on an expedited basis to avoid the immediate and irreparable harm that will be suffered by the bankruptcy estates if the Debtors are unable to secure funds to meet its obligations under the Leases, provided the relief requested in the Motion is granted.

15. Fed. R. Bankr. P. 4001(c) provides that a final hearing on a motion to obtain credit pursuant to Section 364 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after service of such motions. Upon request, however, the Court is empowered to conduct an interim expedited hearing at which time it may authorize a debtor to obtain credit to the extent necessary to avoid immediate and irreparable harm to the debtor's estate. Pursuant to Bankruptcy Rule 4001(c), the Debtors request that the Court conduct an expedited interim hearing on this motion.

16. The Debtors have determined that they are not able to obtain alternate financing on terms superior to the terms of the DIP Facility, and such terms are market terms that represent the best terms reasonably available to the Debtors. No other source of credit is available to the Debtors.

17. Section 364 of the Bankruptcy Code authorizes the Court to allow the Debtors to obtain post-petition financing in the manner proposed. As security for all obligations under the DIP Facility, the Debtors propose to grant Aviation Plaza, subject to the expressed carve-outs set forth herein, a super-priority claim and perfected first priority security interest on the Debtors' assets.

18. Generally, Sections 364(c) and (d) of the Bankruptcy Code require a debtor to demonstrate that alternate sources of pre-petition credit are not available under Sections 364(a) or (b). However, where few lenders are likely able or willing to extend the credit required, "it would be unrealistic and unnecessary to require [the debtor] to conduct an exhaustive search for financing." In re Sky Valley, Inc. 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988).

19. Given the Debtors' financial conditions and existing financing arrangements, the Debtors determined that it would not be able to obtain unsecured credit or other financial accommodations allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code. DIP financing is not otherwise available to the Debtors except under the terms set forth herein.

20. Based on the foregoing, the Debtors request that the Court approve the DIP Facility based on the terms and conditions set forth herein.

**WHEREFORE**, the Debtors seek interim and final orders:

1. Authorizing the Debtors to obtain a secured, post-petition line of credit in the aggregate principal amount of $750,000.00, all of which would be available under an interim order entered by the Court;

2. Authorizing the Debtors to execute and deliver such additional documents, instruments and agreements as may be required to implement the terms of the DIP Facility or the orders of the Court, and to perform such other acts as may be required in connection with the DIP Facility;

3. Granting security interests, liens and super-priority claims, including a super-priority administrative claim pursuant to Section 364(c)(1) of the Bankruptcy Code, liens pursuant to Sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code to Aviation Plaza, for the benefit of Aviation Plaza, to secure all the obligations of the Debtors under the DIP Facility;

4. Granting relief from the automatic stay imposed by Section 362 of the <u>Bankruptcy Code</u> to the extent necessary to permit the Debtors and Aviation Plaza to implement the terms of any interim or final order signed in connection with this motion;

5. Setting a final hearing on the motion at which time the Debtors will seek final approval of the DIP facility; and

6. Such other further relief as the Court deems proper.

**Respectfully submitted,**

**HUNTER, SMITH & DAVIS, LLP**

By: */s/Mark S. Dessauer*
Mark S. Dessauer
TN BPR NO. 010421
Attorney for Debtors,
Sunshine Energy TN I, LLC,
Sunshine Energy TN II, LLC, and
Sunshine Energy VA I, LLC
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 21, 2010, the foregoing: **(1) Motion for Interim and Final Orders Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364; (2) Notice of Hearing; and (3) Proposed Order** were filed electronically. The following parties will receive copies of these Documents. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties, if any, have been served by hand delivery, overnight delivery, facsimile transmission, or by mailing a copy of same by United States Mail, postage prepaid.

    Management Properties, Inc.
    c/o Rick Bearfield, Esq.
    Post Office Box 4210 CRS
    Johnson City, Tennessee 37602

    Sara G. MacLean, The Linda R. MacLean Irrevocable Trust,
    John Cummins, Michael Cummins, Anthony Cummins and Kevin Cummins
    c/o Rick J. Bearfield, Esq.
    Post Office Box 4210
    Johnson City, Tennessee 37602-4210

    MacLean, Inc.
    c/o Rick J. Bearfield, Esq.
    Post Office Box 4210
    Johnson City, Tennessee 37602-4210

    McDonald's Corporation
    c/o Walter N. Winchester, Esq.
    800 S. Gay Street, Suite 100
    Knoxville, Tennessee 37929

    Patsy Franklin and L. B. Franklin
    Post Office Box 5862
    Kingsport, Tennessee 37663

    Freeman Taylor and Evelyn Taylor
    254 Sunrise Drive
    Elizabethton, Tennessee 37643

    YA Landholdings, LLC
    101 Hudson Street, Suite 3700
    Jersey City, NJ 07302

    Frank P. Haws and Grace S. Haws
    c/o Margaret Fugate, Esq.
    114 E. Market Street
    Johnson City, TN 37604

    D & W Enterprises, LLC
    c/o Charles S. Wright
    11135 Crown Point Drive
    Knoxville, Tennessee 37922

        **HUNTER, SMITH & DAVIS, LLP**
        BY **/s/Mark S. Dessauer**
           Mark S. Dessauer

**DESSAUER: S-T: SUNSHINE ENERGY TN 1, LLC**
**SUNS1.86334**