## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE, NORTHEASTERN DIVISION
## AT GREENEVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-51484 |
| SUNSHINE ENERGY TN I, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

### MOTION OF MCDONALD'S USA, LLC
### FOR RELIEF FROM AUTOMATIC STAYS,
### FOR ADEQUATE PROTECTION,
### AND/OR FOR ASSUMPTION OR REJECTION OF LEASE

COMES **MCDONALD'S USA, LLC** (hereinafter "**McDonald's**"), by and through counsel, pursuant to 11 U.S.C. §§362, 363, and 365, and Rules 4001, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure, and hereby files this Motion for Relief from the Automatic Stays, for Adequate Protection, and/or to Assume or Reject the Lease and for grounds would say unto the Court as follows:

1. That on June 17, 1996, the **Appalachian Oil Company, Inc.** and McDonald's entered into a Ground Lease and Operating Agreement (hereinafter referred to as "Lease") regarding the real property located at **3100 Browns Mill Road, Johnson City, Tennessee** (hereinafter referred to as "**Leased Premises**"), a copy of said Ground Lease and Operating Agreement being attached hereto and incorporated herein by reference as **Exhibit A**.

2. That prior to the bankruptcy filing in this matter on February 9, 2009, the **Appalachian Oil Company, Inc.** operated a convenience store and gas station at said location, sold gasoline under the brand name of APPCO, and McDonald's franchisee operated a restaurant on said Leased Premises.

3. That **Appalachian Oil Company, Inc.** filed a voluntary Ch. 11 petition on February 9th, 2009, (Case No. 09-50259). Said case is still pending before this Court. On or

about September 1, 2009, the Court entered an **Order** in said case [docket no. 692] that, *inter alia*, authorized **Appalachian Oil Company, Inc.** to assume the Lease and assign it to **Florida Sunshine Investments I, Inc.** As part of the transaction and as an accommodation to Florida Sunshine Investments I, Inc., Appalachian Oil Company, Inc., entered into a Management Agreement with **Florida Sunshine, Sunshine Energy TN I, LLC** (the "Debtor"). A true and exact copy of the **Assignment of Lease** is attached hereto and incorporated herein by reference as **Exhibit B**.

    4.    That the Lease attached hereto as **Exhibit A** provides that the Debtor was to comply with certain standards regarding the operation of the convenience store and gas station on the Leased Premises.

    5.    That, prior to the Debtor's bankruptcy filing, on March 22, 2010, McDonald's or its predecessor sent a Notice of Default to the Debtor, a copy of said **Notice of Default** being attached hereto and incorporated herein by reference as **Exhibit C**, placing the Debtor on notice that the Debtor was not in compliance with Articles 4 and 6(B)(3) of the Lease in that the Debtor was not paying its share of real estate taxes and was not operating a fuel facility in a manner consistent with the terms of the provisions of the Lease attached hereto as **Exhibit A**.

    6.    That on May 20, 2010, McDonald's or its predecessor caused to be sent a second Notice of Default to the Debtor, a copy of said second Notice of Default being attached hereto and incorporated herein by reference as **Exhibit D**, once again advising the Debtor that it was not complying with Articles 4 and 6(B)(3) of the Lease requiring the Debtor to maintain and continuously operate a fuel facility and convenience store in a manner consistent with the terms and provisions of the Lease.

7. That prior to the bankruptcy filing, the Debtor was often unable to sell some types of fuel at the Leased Premises as required in the Lease attached hereto as **Exhibit A**.

8. That the Debtor has failed to pay to McDonald's the required payments for the real property taxes advanced by McDonald's in accordance with the terms of the Lease attached hereto as **Exhibit A**.

9. That as of the date of filing this Motion, the Debtor is currently indebted to McDonald's for taxes in the amount of **$10,464.74,** and for **$935.72** which represents utilities, trash and common area costs, the Debtor having failed to pay such amounts to McDonalds's as required under the terms of the Lease.

10. That pursuant to 11 U.S.C. §362(d)(1), McDonald's requests that an Order be entered granting relief from the automatic stays FOR CAUSE, including a lack of adequate protection of its interest in the Lease since lease payments and other charges pursuant to the Lease are not being paid and the convenience store is not being operated consistent with the terms and provisions of the Lease, namely the Debtor is often not providing fuel for purchase, so as to permit McDonald's to take possession of the Leased Premises.

11. That pursuant to 11 U.S.C. §362(d)(2), McDonald's would allege and aver that it is entitled to relief from the automatic stays because the Debtor does not have any equity in the Leased Premises and such Leased Premises is not necessary for an effective reorganization of the Debtor.

12. That pursuant to 11 U.S.C. §365(d)(3), the Debtor shall timely perform all obligations of the Debtor pursuant to the terms of the Lease until such Lease is assumed or rejected as provided in 11 U.S.C. §365(d)(3). McDonald's would allege and aver that the Debtor is not "performing all the obligations of the Debtor" pursuant to 11 U.S.C. §365(b)(3) in that all

costs that are due under the Lease are not being paid and the Debtor is not operating the gas station in a manner consistent with the terms and provisions of the Lease Agreement attached hereto as **Exhibit A**.

13. That McDonald's does not consent to the Debtor's continued use of the Leased Premises without the Debtor complying with all terms of the Lease as provided by 11 U.S.C. §365(d)(3).

14. That pursuant to 11 U.S.C. §365(d)(2) and (d)(4), McDonald's would request that the Court require the Debtor, within a specified period of time, to assume or reject the Lease attached hereto as **Exhibit A** if the Court does not grant McDonald's Motion for Relief from the Automatic Stays, such time to assume or reject to expire no later than 120 days after the date of filing of the Debtor's Petition.

15. That McDonald's would allege and aver that the 120-day period to assume or reject the Lease is necessary and should not be expanded because of the Debtor's inability to comply with the terms and provisions of the Lease, to provide gas or oil to its customers at the Leased Premises, or to otherwise operate the Leased Premises in a manner consistent with the terms and provisions of the Lease, has negatively affected the business of the McDonald's restaurant being operated on the Leased Premises.

16. That in the event the Court does not grant McDonald's Motion for Relief from Automatic Stays or reduce or shorten the time by which the Debtor has to reject or assume the Lease, McDonald's would request such adequate protection pursuant to 11 U.S.C. §§361, 362, and 363 to include, but not be limited to, requiring the Debtor to pay to McDonald's $10,464.74, which represents the taxes, and $935.72, which represents utilities, trash and common area costs due and owing under the Lease and otherwise to require the Debtor to maintain and operate the

convenience store and gas station as provided in the Lease attached hereto as **Exhibit A**, and that should at any time the Debtor fail to comply with the terms and provisions of the Lease that the automatic stays shall thereafter be automatically modified so as to permit McDonald's to take possession of the Leased Premises in accordance with the terms and provisions of the Lease attached hereto as **Exhibit A**.

17. That pursuant to 11 U.S.C. §365, in the event the Debtor proposes to bring the lease payments current and pay all costs and charges due under the Lease and maintain and operate the convenience store and gas station as provided in the Lease, the Debtor must provide to McDonald's adequate assurance that the Debtor can continue to perform all obligations under the Lease.

WHEREFORE, PREMISES CONSIDERED, McDonald's prays that the Court grant a hearing on this Motion at the earliest possible date and that the appropriate Order be entered pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2) providing for relief from the automatic stays so as to permit McDonald's to obtain possession of the Leased Premises and to re-let the premises to another party as soon as possible, or in the alternative, that such adequate protection be granted to McDonald's in a form that adequately protects the interest of McDonald's in the Lease Premises and requires the Debtor to bring all payments on the lease current, to pay all taxes and charges under the Lease, to operate the convenience store and gas station in accordance with the terms and provisions of the Lease, to provide gas and services to its customers in accordance with the terms and provisions of the Lease and to provide adequate assurance to McDonald's that the Debtor can continue to comply with the terms and provisions of the Lease, or, that the Court direct the Debtor to assume or reject the Lease pursuant to 11 U.S.C. §365, no later than 120 days, and for such other and further relief as to which McDonald's may show entitlement.

This the 23rd day of June, 2010.

**MCDONALD'S USA, LLC**

By: /s/ Walter N.Winchester
    Walter N. Winchester, BPR #014530
    Attorney for McDonald's USA, LLC

Winchester, Sellers, Foster & Steele, P.C.
Suite 1000, First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929
Phone: (865) 637-1980
Fax: (865) 637-4489
Email: wwinchester@wsfs-law.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that true and exact copies hereof have been served upon all parties in interest or their counsel receiving ECF notices and by mail to:

Sunshine Energy TN I, LLC,
112-122 West Myrtle
Independence, KS 67301

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

Sunshine Energy, LLC
c/o Roger Dade, General Counsel
9218 Metcalf Avenue, #383
Overland Park, Kansas 66212

MacLean, Inc.
c/o Rick J. Bearfield, Esq.
Post Office Box 4210
Johnson City, Tennessee 37602-4210

Sara G. MacLean, The Linda R.
MacLean Irrevocable Trust, John
Cummins, Michael Cummins, Anthony
Cummins and Kevin Cummins
c/o Rick J. Bearfield, Esq.
Post Office Box 4210
Johnson City, Tennessee 37602-4210

Management Properties, Inc.
c/o Rick J. Bearfield, Esq.
Post Office Box 4210
Johnson City, Tennessee 37602-4210

properly addressed and with sufficient postage thereupon to carry the same to its destination, this 23rd day of June, 2010.

**Winchester, Sellers, Foster & Steele, P.C.**

By:_____/s/ Walter N. Winchester_____